UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Christopher Lull and Autotek, Inc., | No. 2:20-cv-01646-KJM-CKD |
| Plaintiffs, | ORDER |
| v. | |
| County of Sacramento, et al., | |
| Defendants. | |

This action is the fourth of four related cases brought by plaintiffs Christopher Lull and Autotek, the first of which is now closed: (1) *Lull v. County of Sacramento*, No. 16-cv-01093 (E.D. Cal. filed May 20, 2016 closed July 20, 2020) ("*Lull I*"); (2) *Lull v. County of Sacramento*, No. 20-cv-00165 (E.D. Cal. filed Jan. 22, 2020) ("*Lull II*"); (3) *Lull v. County of Sacramento*, No. 20-cv-1645 (E.D. Cal. filed Aug. 17, 2020) ("*Lull III*"); and (4) *Lull v. County of Sacramento*, No. 20-cv-1646 (E.D. Cal. filed Aug. 17, 2020) ("*Lull IV*"). Defendants County of Sacramento and several of its individual officers[1] move to dismiss. Mot. to Dismiss, ECF No. 6. The matter is fully briefed and the court submitted it without a hearing. The court **grants** the motion to dismiss without leave to amend because, as explained below, this action is duplicative.

---

[1] The defendant officers are Ben Lamera, Robin Rasmussen, Laura Jacobson, Jessica Brandt, Leighann Moffitt, Greg Stowe and Diana Ruiz.

1

## I.   BACKGROUND

The court has described the parties' dispute in several previous orders. To summarize briefly, Autotek provides automotive smog check services. Compl. ¶ 5, ECF No. 1. Lull is its majority shareholder. *Id.* Autotek is located on a commercial property in Antelope, California, which Lull also owns. *Id.* ¶¶ 5, 10; *see Lull I*, Order (July 27, 2017) at 2, ECF No. 31. Autotek has been a tenant of the same Antelope property since 2011. *See* Compl. ¶ 10. In 2010, Autotek obtained a license from the County of Sacramento to conduct business at the Antelope property. *Id.* ¶ 14. The parties' dispute first reached this court in 2016, in the case identified here as *Lull I*. *See Lull I*, Second Am. Compl., ECF No. 35.

While *Lull I* was pending, plaintiff filed *Lull II*. *Lull II*, First Am. Compl. ("FAC") ¶¶ 15–16, ECF No. 6; *see also* Related Case Order (Feb. 12, 2020), ECF No. 86. Mr. Lull is the only plaintiff in *Lull II*, whereas both he and Autotek are the plaintiffs in the other three actions. In *Lull II,* Lull alleges the County retaliated against him after he "directly criticized" the County's polices "for over 10 years in public forums." *Id.* ¶ 11.

Plaintiffs then filed *Lull III*. It is not relevant for present purposes.

In this lawsuit, *Lull IV*, plaintiffs allege the County improperly revoked plaintiffs' business license, which plaintiffs "relied upon" to conduct business. Compl. ¶¶ 14–15. Shortly after plaintiffs filed their complaint in this action, the County moved to dismiss the case as duplicative of *Lull II*. *See* Mot. Dismiss at 2, ECF No. 6. Later, in an August 2021 joint status report, the parties proposed a stipulation to stay this proceeding until the resolution of *Lull II*. Jt. Status Report at 3, ECF No. 24. Rather than stay the case, the court considers whether this action duplicates *Lull II,* in fulfilling its obligation to "secure the just, speedy, and inexpensive determination of" this action. Fed. R. Civ. P. 1.

## II.   DISCUSSION

"Plaintiffs generally have 'no right to maintain two separate actions involving the same subject matter at the same time in the same court and against the same defendant." *Adams v. Cal. Dep't of Health Servs.*, 487 F.3d 684, 688 (9th Cir. 2007) (quoting *Walton v. Eaton Corp.*, 563 F.2d 66, 70 (3d Cir. 1977)), *overruled on other grounds by Taylor v. Sturgell*, 553 U.S. 880

(2008). District courts may therefore dismiss duplicative actions. *Id.* Dismissal of duplicative lawsuits, rather than consolidation or a stay, "is favored because it 'promotes judicial economy and the comprehensive disposition of litigation.'" *Jensen v. Secorp Indus.*, No. 19-07980, 2019 WL 8064603, at *2 (C.D. Cal. Dec. 9, 2019) (quoting *Adams*, 487 F.3d at 692). To determine whether a suit is duplicative, courts examine whether the "causes of action and relief sought, as well as the parties or privies to the action, are the same." *Adams*, 487 F.3d at 689.

Courts use the transaction test to determine whether the claims and relief sought are the same. *See In re JPMorgan Chase Deriv. Litig.*, 263 F. Supp. 3d 920, 939 (E.D. Cal. 2017). "Claims in the second suit are barred if they are based on 'any part of the transaction, or series of connected transactions, out of which the [prior] action arose.'" *Id.* at 940 (quoting *Whole Woman's Health v. Hellerstedt*, 136 S. Ct. 2292, 2340 (2016)). This test does not require the claims and legal theories be identical; rather, the question is whether the two suits arise out of the "same transaction nucleus of facts." *Costantini v. Trans World Airlines*, 681 F.2d 1199, 1202 (9th Cir. 1982).

Here, plaintiffs' claims satisfy the transaction test. They derive from the same transactional nucleus of facts: the County's denial of plaintiffs' business license. *Compare generally Lull II*, FAC *with Lull IV*, Compl. Each claim in *Lull IV* is in fact identical to a claim in *Lull II*:

- In *Lull II*, plaintiff Lull alleges nine claims arising from the denial of the business license: First Amendment retaliation for "illegitimate revocations" of the business license, *Lull II*, FAC ¶¶ 28–32; violation of substantive due process because he was deprived of "his right to devote his property to legitimate uses and chosen profession as a commercial landlord," *id.* ¶¶ 33–41; violation of equal protection because he was "singled out" and "stripped of his substantive [p]roperty entitlements," *id.* ¶¶ 42–46; violation of procedural due process because he was deprived of "his right to devote his [p]roperty to legitimate use[]," *id.* ¶¶ 47–49; excessive fines for the "seizure" of his property, which "extinguished all essential tenancy and income derived from that tenancy," *id.* ¶¶ 50–52; unreasonable

3

        seizure because "[d]efendants executed an expedient process that seized dominion and control" of plaintiff's property, *id.* ¶¶ 53–55; conspiracy to obstruct justice because defendants "enacted a unsanctioned [sic] and clandestine task force" to seize Lull's property, *id.* ¶¶ 56–64; violation of the California Bane Act because defendants "used threats, intimidation and coercion . . . in doing the acts described herein," *id.* ¶¶ 66–69; and intentional infliction of emotional distress because defendants' actions were "outrageous, extreme and intentionally designed to vex and harass [p]laintiff," *id.* ¶¶ 70–71.

- In *Lull IV*, plaintiffs repeat seven of these claims:  First Amendment retaliation for "shutting down their [b]usiness," *Lull IV*, Compl. ¶¶ 29–33; violation of substantive due process because defendants "intentionally cause[d] the destruction of the [b]usiness and hinder[ed] the use of the [p]roperty," *id.* ¶¶ 34–41; violation of equal protection because plaintiffs "have been singled out" by defendants' revocation of their business license, *id.* ¶¶ 42–46; unreasonable seizure of property because defendants "seized dominion and control of [p]laintiffs [sic] business without permission," *id.* ¶¶ 47–50; conspiracy to obstruct justice because defendants "enacted a unsanctioned [sic] and clandestine task force" to seize Lull's property, *id.* ¶¶ 51–60; violation of the California Bane Act because defendants "used intimidation and coercion" against Lull, *id.* ¶¶ 61–63; and intentional infliction of emotional distress because defendants' actions were "outrageous, extreme and intentionally designed to vex and harass [p]laintiff," *id.* ¶¶ 64–65.

The party in *Lull II* is also in privity with the parties in *Lull IV*.  "Privity is a legal conclusion designating a person so identified in interest with a party to former litigation that he represents precisely the same right in respect to the subject matter involved." *Headwaters Inc. v. U.S. Forest Service*, 399 F.3d 1047, 1052–53 (9th Cir. 2005) (citations and quotation marks omitted).  Parties in certain legal relationships are in privity, including corporations and their officers or shareholders. *Id.* at 1053.  Here, although Autotek was not a party to *Lull II*, it is in

/////

privity with plaintiff Lull, who is its majority shareholder, *Lull IV*, Compl. ¶ 5.  Accordingly, the parties in the two actions are effectively the same.

In sum, *Lull IV* arises from the same facts as *Lull II*, includes the same claims as *Lull II*, and is brought by parties who are in privity with the plaintiff in *Lull II*.  The actions are duplicative.  *Lull IV* is dismissed.  Leave to amend is denied to prevent unfair prejudice to the defendants and further wasteful litigation.  Plaintiffs are cautioned that the filing of additional duplicative actions may result in sanctions, including summary dismissal and monetary sanctions.

### III.   CONCLUSION

This action is **dismissed without leave to amend**.

This order resolves ECF No. 6 and closes the case.

IT IS SO ORDERED.

DATED:  November 1, 2021.

_____
CHIEF UNITED STATES DISTRICT JUDGE